UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY HOOKER-ROBINSON | : |
| | : |
| Plaintiff | : Civil Action Case No. 05-321 |
| | : |
| v. | : |
| | : |
| CONDOLEEZZA RICE, Secretary | : |
| United States Department of State | : |
| | : |
| Defendant | : |
| _____ | : |

**MEMORANDUM OPINION**

The plaintiff brings this action for "breach of [a] [s]ettlement agreement and to vindicate violations of the plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the [d]efendants." Amended Complaint ("Amd. Compl.") at 5. The plaintiff seeks redress, inter alia, pursuant to Title VII of the Civil Rights Action of 1964, 42 U.S.C. §§ 2000w et. seq. (2005); 42 U.S.C. § 1981A (2005); 42 U.S.C. § 1988 (2005), the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 (2005), and the Whistleblower Protection Act, 5 U.S.C. §2302 (2005). Currently before this Court is the Defendant's Motion to Dismiss [D.E. # 8] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons discussed below, the defendant's motion will be granted in part and denied in part.

I.  Background

The plaintiff's complaint in this action stems from the termination of her employment with the United States Department of State ("Department"), effective January 12, 2004, when she was a GS-15 Step 10 Information Technology Specialist earning an annual salary of $110,775 per year. Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mem.") at 2

(citing Exhibit ("Ex.") 1 (Notification of Personnel Action Form)). According to the defendant, the plaintiff was terminated because she failed to return to duty, was absent without official leave and failed to follow the proper procedures for taking leave. Id. at 2-3 (citing Ex. 2 & 3 (December 9, 2003 letter proposing the plaintiff's employment termination and December 31, 2003 letter of the plaintiff's termination)). As a result of the plaintiff's termination, she filed a formal administrative complaint with the Department's Equal Employment Opportunity Office ("EEO"), which was assigned case number DOS-F-020-04. Id. at 3 (citing Ex. 4 (EEO complaint dated January 5, 2004)). On August 6, 2004, Department informed the plaintiff that it had found no discrimination. Id. at 3. In that same communication, the plaintiff was also informed of her mixed case [1] appeal rights to the Merit Service Protection Board ("MSPB") under 5 U.S.C. § 7702. Id. (citing Ex. 5 (August 6, 2004 notice to the plaintiff of the Department's Final Agency Decision)). The letter further explained that "[a]ppellants who file appeals raising issues of prohibited discrimination in connection with a matter otherwise appealable to the [MSPB]", such as an appeal of a termination decision, must comply with specific time limitations. Id. (Ex. 5 at 2). The plaintiff then filed an appeal with the MSPB, specifically alleging that her termination was based on discrimination and retaliation. Id. At the time the instant motion was filed, that appeal was still pending even thought this action was not filed until February 14, 2005, because the MSPB Administrative Law Judge's ("ALJ") dismissal had been without prejudice.[2] The

---

[1] A mixed case is "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination." Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999)

[2] The plaintiff's mixed case appeal was dismissed without prejudice at the request of the plaintiff's new counsel on March 30, 2005, because her prior attorney had withdrawn from representing the plaintiff and because of the plaintiff's medical situation. Def.'s Mem. at 3 n. 2 & Ex. 6 (Initial Decision of the MSPB dated March 30, 2005).

ALJ's dismissal notice also informed the plaintiff of specific time limits for the refiling of her appeal.  Id. at 3 n. 4 & Ex. 6.

The plaintiff has also filed several other EEO complaints with the Agency.  Id. at 3. Namely, the plaintiff filed an EEO complaint designated as Agency Case 93-25, which was settled on April 23, 1993.  Id. (citing Ex. 7 (Executed Settlement Agreement dated April 23, 1993)).  The plaintiff filed two additional complaints, designated as Agency Cases 95-38 and 97-54, which were also settled by a joint settlement agreement on June 10, 1998.  Id.  Finally, the plaintiff filed a fourth EEO complaint, which was designated as Agency Case 02-36.  Id.  On September 9, 2003, the Equal Employment Opportunity Commission ("EEOC") found that the plaintiff had failed to establish a claim of discrimination based on this final EEO complaint.  Id. (citing Ex. 9 (EEOC decision)).  The plaintiff appealed this no discrimination finding, but the EEOC dismissed the appeal due to the filing of this action.  Id. at 3-4 (citing Ex. 10 (EEOC dismissal dated May 17, 2005.)

The plaintiff filed an amended complaint in this action on February 28, 2005, in which she asserts ten separate causes of action.  Counts I and II allege violation of Title VII's prohibition against disparate treatment and disparate impact discrimination based on gender and race, Amd. Compl. ¶¶ 38-54, count III and IV allege breach of contract and/or promissory estoppel, and misrepresentation and detrimental reliance, id. ¶¶ 55-64,[3] count V alleges intentional infliction of emotional distress, id. ¶¶ 65-72, count VI alleges a violation of the

---

[3] After the filing of the defendant's motion to dismiss, the plaintiff moved to have her breach of contract related claims, specifically Counts III and IV of the Amended Complaint, moved to the United States Court of Federal Claims.  This Court granted this motion and these claims were transferred to the United States Court of Federal Claims.  See Order dated February 28, 2006.

Rehabilitation Act of 1973, id. ¶¶ 73-76, count VII alleges a violation of the ADA, id. ¶¶ 77-87, count VIII alleges violation of the Whistleblower Protection Act and 42 U.S.C. § 1983, id. ¶¶ 88-102, count IX alleges a hostile work environment violation, id. ¶¶ 103-108, and count X asserts a claim of retaliation, id. ¶¶ 109-112.

II.     Standard of Review

The defendant moves to dismiss the plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  A motion for dismissal under "Rule 12(b)(1) presents a threshold challenge to the court's jurisdiction . . . ." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987) (citations omitted).  Specifically, Rule 12(b)(1) permits dismissal of a complaint if the Court "lack[s] jurisdiction over the subject matter . . . ."  Under this rule, "the plaintiff bears the burden of establishing that the court has jurisdiction." Fowler v. District of Columbia, 122 F. Supp. 2d 37, 39-40 (D.D.C. 2000) (citation omitted).  The rule also imposes "an affirmative obligation [on the court] to ensure that it is acting within the scope of its jurisdictional authority . . . [and for that] reason, the '[p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than on a 12(b)(6) motion for failure to state a claim." Id. at 40 (citations omitted).  When reviewing a challenge pursuant to Rule 12(b)(1), the Court may consider documents outside the pleadings to assure itself that it has jurisdiction. See Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); see also Haase, 835 F.2d at 906 ("In 12(b)(1) proceedings, it has been long accepted that the judiciary may make 'appropriate inquiry' beyond the pleadings to 'satisfy itself on authority to entertain the case.'") (citations omitted); Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction, or subject-

matter jurisdiction.") (citation omitted).  By considering documents outside the pleadings on a motion to dismiss pursuant to Rule 12(b)(1), the Court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment."  Haase, 835 F.2d at 905.

III.   Legal Analysis

    A.   The Parties' Arguments

The defendant raises several grounds for the dismissal of the plaintiff's complaint.  First, the defendant contends that "because [the] plaintiff chose to bring her discrimination claims as a 'mixed case' in an appeal to the MSPB, this Court lacks jurisdiction to hear the discrimination claims relating to her removal from the Department, including her Title VII, Rehabilitation Act, hostile work environment and retaliation claims."  Def.'s Mem. at 1.  Second, jurisdiction over the plaintiff's breach of contract and related claims lies exclusively in the Court of Federal Claims.  Id.  Third, with respect to the claim for intentional infliction of emotional distress, the plaintiff failed to satisfy the prerequisite for bringing this action by first filing "an administrative tort claim" with the Department.  Id.  Fourth, the defendant contends that "[b]ecause the ADA does not apply to the federal government, there has been no express waiver of sovereign immunity for claims arising under the ADA and this Court should dismiss [the] plaintiff's ADA claim for lack of subject matter jurisdiction."  Id. at 12.  The defendant also argues that this Court lacks jurisdiction over the plaintiff's whistleblower and § 1983 claims because (1) the plaintiff "has not exhausted her administrative claims with the Office of Special Counsel" and; (2) "section 1983 does not apply to federal officials acting under color of federal law."  Id. at 1-2.  Finally, the defendant concedes that "the only viable claims that the defendant could properly

bring before this Court are the discrimination claims arising from her administrative case No. 02-36." Id. at 2.

The plaintiff has only responded to three of the arguments raised by the defendant in her opposition to the defendant's motion to dismiss. Specifically, the plaintiff takes exception with the defendant's jurisdictional challenge to her discrimination claims that were pursued as a "mixed case" in her appeal to the MSPB. She also agrees, as the defendant has conceded, that she may have viable claims arising from the last administrative complaint she filed. Finally, with respect to the defendant's argument that this Court lacks jurisdiction over her ADA claim, the plaintiff acknowledges that this Court does not have jurisdiction to entertain this claim because "[t]he ADA does not apply to the federal government," but posits that this claim can be brought under the Rehabilitation Act of 1973, 29 U.S.C. § 791, which "requires departments and agencies of the federal government to have an affirmative action plan for hiring, placement, and advancement of individuals with disabilities. Plaintiff's Response to the Motion to Dismiss and accompanying Memorandum in Opposition to Motion to Dismiss ("Pl.'s Opp'n") at 16. The plaintiff therefore states that she will "amend her complaint consistent with the provisions of the appropriate law."[4] Id.

Because the plaintiff only addressed some of the defendant's challenges in her response, the Court will consider those challenges not addressed by the plaintiff in her response as conceded. Namely, the plaintiff has not responded to the defendant's arguments in support of the dismissal of counts V and VIII of the amended complaint. "It is well understood in this Circuit

---

[4] However, Count VI of the plaintiff's amended complaint, which was filed prior to the filing of the plaintiff's opposition to the defendant's motion to dismiss, already included a claim for a violation of the Rehabilitation Act.

that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) (citations omitted). "Therefore, because the plaintiff has failed to address the defendant['s] position that certain claims in the complaint should be dismissed, the Court will treat those claims as conceded." Id.; see also Day v. D.C. Dep't of Consumer & Regulatory Affairs, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."); Bancoult v. McNamara, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."); Stephenson v. Cox, 223 F. Supp.2d 119, 122 (D.D.C. 2002) ("The court's role is not to act as an advocate for the plaintiff and construct legal arguments on her behalf in order to counter those in the motion to dismiss.")  Accordingly, the Court will only address the arguments raised by the defendant to which the plaintiff provided a response – whether the Court can exercise jurisdiction over the plaintiff's claims appealed to the MSPB and whether she may have viable claims arising from the last administrative complaint she filed.

      1.      Whether the Court Lacks Jurisdiction over Claims Pending Before the Merit Service Protection Board?

The defendant contends that this Court lacks jurisdiction over the plaintiff's discrimination claims currently pending before the MSPB because once the plaintiff elected to pursue her discrimination claims through an appeal to the MSPB, she was required to proceed exclusively in that forum only. Def.'s Mem. at 8 (citations omitted). The defendant explains that

"[g]enerally, a federal employee asserting a claim of employment discrimination must seek relief from the EEO office of the employing agency." Def.'s Mem. at 6. However, the defendant notes that the MSPB has jurisdiction to review certain appealable actions, which includes demotions and removals, and in some instances, federal employees affected by certain adverse employment actions may assert related Title VII claims in connection with cases appropriately appealed to the MSPB. Id. "These instances are called mixed cases and they are governed by specific procedures." Id. (citing Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999)). According to the defendant, "[a] plaintiff can file a 'mixed case' with an agency EEO office or as an appeal to the MSPB." Id. (citing 5 U.S.C. § 7702 (2006)).[5] "The agency's EEO office or the MSPB is then authorized to address both the discrimination issues and the civil service issues raised by the plaintiff." Id. The defendant contends that "[a] plaintiff cannot file complaints, however, with both the agency's EEO office and the MSPB. Id. (citations omitted).

---

[5] 5 U.S.C. § 7702 states in pertinent part:

**§ 7702. Actions involving discrimination**

**(a)(1)** Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who--

  **(A)** has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and

  **(B)** alleges that a basis for the action was discrimination prohibited by--

  **(i)** section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),

  **(ii)** section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),

  **(iii)** section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

  **(iv)** sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

  **(v)** any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,

the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.

The plaintiff, on the other hand, argues that "because the [p]laintiff had no legal counsel, she had no knowledge of navigating the procedural maze for the processing of a mixed case;" and "because of the erroneous advice given to the [p]laintiff by the EEO in [d]efendant's Exhibit 5, [the p]laintiff had no choice but to pursue her mixed case with the MSPB." Pl.'s Opp'n at 2. More specifically, the plaintiff states that the defendant "unilaterally categorized the plaintiff's case as a mixed case and provided the [p]laintiff only [] appeal rights directly to the Merit System Protection Board." Id. at 11 (citing Ex. 5). The plaintiff further states that "[t]he defendant had a duty to disclose to the [p]laintiff that [she] could either file a mixed case appeal with the MSPB or a civil action in district court but intentionally failed to do so." Id.

The plaintiff also posits that "[e]ven though [she] had filed an appeal before the MSPB, this [C]ourt nonetheless, has jurisdiction to hear the [p]laintiff's claim," id. at 12, purportedly because "[t]he [d]istrict [c]ourt is not divested of jurisdiction merely because the [p]laintiff has chosen to file his claim before the MSPB."[6] Id. The plaintiff contends that "[e]ven though, the [d]efendant intentionally misadvised the [p]laintiff on the options available to the [p]laintiff to seek redress as required by law, it is submitted that the dismissal of the case without prejudice by the MSPB effectively disposes of the administrative exhaustion and confers jurisdiction [to] this . . . court." Id. at 11. Moreover, she states that the Court must consider several other factors, including the advice the plaintiff received from the defendant and whether she would have elected to pursue an action in district court had she been aware of the options available to her. Id. The plaintiff concludes that because she "received misleading advice from the defendant, which left [her] with no other option than to pursue her appeal with the MSPB [,] . . . the [d]efendant

---

[6]Notably, the plaintiff cites no authority in support of this proposition. In fact, the plaintiff's position is directly contradictory to the law.

must be estopped from raising this jurisdictional barrier against the [p]laintiff." Id. at 13.

The defendant counters the plaintiff's position stating that "contrary to [the] plaintiff's unsupported argument, undisputed evidence shows that she was properly advised of her options relating to filing either a 'mixed case' or [a] case with this Court." Defendant's Reply in Support of Motion to Dismiss ("Def.'s Reply") at 2. The defendant contends that "[e]xhibit 5 clearly shows that [the] plaintiff was adequately and properly advised of her rights. Id. (citing Ex. 5 of Defendant's Motion to Dismiss at 1-4). Moreover, "[a]s evidenced by the August 6, 2004 Final Agency Decision, [the] plaintiff was represented by 'Mr. John H. Pye, Jr., Esq.' before the [A]gency for her EEO complaint." Id. at 3 (citing Ex. 5).[7]

As previously indicated, a mixed case appeal is "an adverse personnel action [,such as termination of employment,] subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination." Butler, 164 F.3d at 638 (citing McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995); Romain v. Shear, 799 F.2d 1416, 1419 (9th Cir. 1986)). "Generally the [MSPB] is authorized to review 'adverse employment actions,' which fall into one of five categories: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less." Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998) (citations omitted). An employee pursuing a "mixed case" has several options available to her.

---

[7]Exhibit 5, a August 6, 2006 letter addressed to the plaintiff's prior attorney (Mr. Pye), which was accompanied by the Agency's Final Decision, directly contradicts the plaintiff's contention that "because [she] had no legal counsel, she had no knowledge of navigating the procedural maze for the processing of a mixed case." Pl.'s Opp'n at 2. The record evidence establishes that Mr. Pye represented the plaintiff up to and including the filing of her appeal to the MSPB. See Def.'s Mem., Ex. 6 (Initial Decision of the MSPB dated March 30, 2005) at 2 (indicating that the plaintiff's appeal was filed with the MSPB on September 13, 2004 and that on November 29, 2004, the plaintiff's then legal representative, John Pye, Esquire, participated in a prehearing telephone conference in the removal appeal). Moreover, the August 6, 2004 letter fully and clearly explains the plaintiff's appeal rights to the MSPB with respect to her termination, as well as her option of filing an appeal with the MSPB that could include her claims of prohibited discrimination. See Id., Ex. 5 at 2.

"The aggrieved party can choose between filing a 'mixed case complaint' with the EEO office and filing a 'mixed case appeal' directly with the MSPB." Id. (citing 29 C.F.R. § 1614.302(b)).[8] "By statute, the relevant agency EEO office and the MSPB can and must address both the discrimination claim and the appealable personnel action." Id. (citing 5 U.S.C. § 7702(a)). "Should [the plaintiff] elect the agency EEO route, within thirty days of a final decision [from the agency] she can file an appeal with the MSPB or a civil discrimination action in federal district court." Id. (emphasis added). See also McAdams v. Reno, 64 F.3d 1137, 1142 (8th Cir. 1995). Thus, a mixed case may be pursued with the agency's EEO department or as an appeal to the MSPB, but not both. Id. at 1141. "If an employee files in both places, the regulations provide rules for determining which forum has been chosen: '[W]hichever is filed first (the EEO complaint or the MSPB appeal) shall be considered an election to proceed in that forum.'" Id. n.4 (quoting 29 C.F.R. § 1613.403). Alternatively, an employee may file a civil action in district court "after 120 days have passed without a decision, but only if no appeal to the MSPB is pursued at that time." Id. at 1142 (citing 5 U.S.C. § 7702(e)(1)(A); 29 C.F.R. § 1613.421(g)); see also Butler, 164 F.3d at 638; McAdams, 64 F.3d at 1142.

Here, the plaintiff initially chose to pursue her discrimination claims through the EEO process. Pl.'s Opp'n at 1; Def.'s Mem. at 8. And in a Final Agency Decision dated August 6,

---

[8] 29 C.F.R. § 1614.302(b) states in pertinent part:

> (b) Election. An aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, but not both. An agency shall inform every employee who is the subject of an action that is appealable to the MSPB and who has either orally or in writing raised the issue of discrimination during the processing of the action of the right to file either a mixed case complaint with the agency or to file a mixed case appeal with the MSPB. The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.

2004, she was informed that the Agency had found no discrimination. Pl.'s Opp'n at 1; Def.'s Mem. at 8 (citing Ex. 5). In this August 6, 2004, Final Agency Decision, the plaintiff was provided with her options for appealing the ruling, including her "mixed case" appeal rights to the MSPB. Consequently, the plaintiff, with the assistance of legal counsel, appealed her termination to the MSPB, and included in that appeal her claims of prohibited discrimination. Def.'s Mem. at 8. When the plaintiff elected to file a mixed case appeal with the MSPB, her option to file a civil discrimination action in federal district was foreclosed. See Butler, 164 F.3d at 638; McAdams, 64 F.3d at 1142. The plaintiff does not dispute the course of events, namely, that she elected to pursue a "mixed case" appeal with the MSPB, nor does she dispute the statutory and regulatory framework for "mixed case" appeals. She does, however, as previously indicated, assert that because she purportedly lacked the assistance of counsel to assist her in making an informed decision regarding the consequences of filing a mixed case appeal and was intentionally misled by the defendant, she was left with "no other option than to pursue a mixed case appeal with the MSPB." Pl.'s Opp'n at 2. Accordingly, argues the plaintiff, "[t]he doctrine of judicial estoppel should bat [sic] the [d]efendant from contending that the district court ha[s] no jurisdiction over the [p]laintiff's action . . . ." Id. at 12.

Despite the plaintiff's claims that the Department intentionally failed to fulfill its duty to advise her that she had to file either a mixed case appeal with the MSPB or a civil action in district court, Pl.'s Opp'n at 11, and that she was without legal counsel to advise her of her options, the record evidence simply refutes the plaintiff's contentions. As previously noted, and as the record evidences, the plaintiff was represented by counsel at the time she elected to pursue a mixed case appeal with the MSPB. See supra note 7. Moreover, the August 6, 2004 letter sent

to the plaintiff's counsel, advised the plaintiff of her rights, and the Final Agency Decision which accompanied the letter unambiguously explained the plaintiff's options of either pursuing an action in federal district court or pursuing her mixed case through an appeal to the MSPB.

The plaintiff represents that Valentine-Johnson v. Roche, 386 F.3d 800 (6th Cir. 2004) is "directly similar to this case . . . ," and she relies on the case for the proposition that the "defendant must be estoped [sic] from raising this jurisdictional barrier against the [p]laintiff." Pl.'s Opp'n at 13. However, Valentine-Johnson is clearly distinguishable from the instant case. In Valentine-Johnson, the Ninth Circuit invoked the doctrine of judicial estoppel against the agency defendant because it had presented contradictory arguments to the ALJ and to the district court. Valentine-Johnson had initially filed a mixed case appeal with the MSPB alleging "that she was contesting her 'removal' which she alleged was also an instance of 'illegal discrimination [and] reprisal.'" Id. at 808 (alteration in original). Valentine-Johnson also "had various outstanding EEO claims which covered allegations of sex and race discrimination, reprisal, and sexual harassment . . . ." Id. However, "[b]ecause all of her EEO claims were filed before she was terminated, they did not include her termination claim." Id. Around the same time when Valentine-Johnson filed her appeal with the MSPB, the EEOC had also scheduled hearings on her various EEO complaints that asserted claims of discrimination, retaliation, and a hostile work environment, all which predated her termination. Id. at 806. The parties reached a procedural settlement which required Valentine-Johnson to withdraw her mixed case appeal that was before the MSPB, with the option of refiling it after the EEOC decided her outstanding EEO claims. Id. Thereafter, the defendant "filed a motion to dismiss with the EEOC, noting that Valentine-Johnson had already filed a mixed case appeal with the MSPB" and adding "that

because all of her EEO claims were intertwined with her termination, they should be heard by the MSPB." Id. at 808. The EEOC ALJ, "concerned . . . that Valentine-Johnson did not adequately understand her election of remedies, . . . deferred ruling on the EEO claims in order to give [her] time to make an informed decision." Id. Valentine-Johnson ultimately chose to pursue her outstanding EEO claims with the EEOC, believing that she could later file a mixed case appeal with the MSPB, wherein she could collectively raise her discrimination, retaliation, hostile work environment, and wrongful termination claims.[9] Id. The EEOC rendered its final decision on her discrimination claims, which predated her termination, "finding no discrimination, reprisal, or sexual harassment." Id. at 809. The EEOC also issued Valentine-Johnson a right to sue letter, which she acted upon by filing a complaint in federal district court. Id. Her judicial complaint, however, improperly requested relief that was related to her termination, as the EEOC's decision was based solely on Valentine-Johnson's pre-termination claims. Id. In addition, the suit conflicted with the parties' settlement agreement which afforded Valentine-Johnson the option, after the issuance of the EEO decision, to refile her mixed case appeal with the MSPB. Id. Valentine-Johnson's husband, acting as her personal representative, then refiled her appeal with the MSPB. Id. Consequently, the defendant filed a motion to dismiss with the MSPB, pointing out that Valentine-Johnson had already raised her termination claim in the district court, and therefore, the MSPB should dismiss her appeal related to her termination claim for lack of jurisdiction. The ALJ apparently accepted the agency defendant's argument and dismissed the case pending the outcome of the plaintiff's district court action. Thereafter, in the district court,

---

[9]At a prehearing conference, the EEOC ALJ advised Valentine-Johnson that she had three options: She could (1) fragment her claims by pursuing her EEO claims that arose prior to her termination with the EEOC and then file her mixed case appeal with the MSPB; (2) file a mixed case appeal with the MSPB immediately, or (3) file a mixed case complaint with the agency's EEO office. Valentine-Johnson, 386 F.3d at 808.

the agency "made a 180-degree change in its position, arguing that because [the plaintiff] had failed to exhaust her administrative remedies with the MSPB regarding her termination claim, this claim could not be heard in the district court." Id. at 810. The Sixth Circuit invoked the doctrine of judicial estoppel to prevent the agency from "abusing the judicial process through cynical gamesmanship." Id. at 812. In addition, the Court emphasized that the plaintiff had relied to her detriment on the ALJ's incorrect advice that she could terminate her claims pending before the MSPB and pursue all of her claims in the district court. Id. at 813. Thus, the Sixth Circuit concluded that "the ALJ discouraged Valentine-Johnson from pursuing her mixed case appeal through the MSPB by telling her that the MSPB could not hear her discrimination claims, which was inaccurate as a matter of law." Id. at 812.

      Unlike the plaintiff in Valentine-Johnson, the plaintiff in this case was not given information that was contrary to law. Rather, the August 6, 2004, Final Agency Decision clearly and accurately explained to the plaintiff her options with respect to appealing the Final Agency Decision of her termination or filing a mixed case appeal. See Def.'s Mem., Ex. 5. In other words, the plaintiff was correctly advised that she had the option of appealing only the termination decision, or appealing the termination decision in conjunction with her claim that her termination was the product of discrimination. Id. Moreover, the governing statute and regulation were identified in the letter that accompanied the Final Agency Decision. See 5 U.S.C. § 7702; 29 C.F.R. §1614.302(b). Additionally, unlike the plaintiff in Valentine-Johnson, the plaintiff here was represented by counsel when she elected to file her mixed case appeal with the MSPB, whereas, Valentine-Johnson's husband (a non-attorney) acted on her behalf as her personal representative. Valentine-Johnson, 386 F.3d at 813. Thus, the plaintiff's argument that

15

she relied on misrepresentations made by the agency to her detriment is not supported by the record and is undermined by the fact that she had legal representation.  The Court in <u>Valentine-Johnson</u> also noted that the ALJ had doubts throughout the proceedings as to whether the plaintiff understood her options.  <u>Id.</u> at 808.  Here, the plaintiff never raised any concerns about her options until she filed her opposition to the defendant's dismissal motion, approximately six months after this court action was filed.  And, there is no indication in the record that she felt she was misled.  Therefore, this Court concludes that the record evidence clearly shows that the plaintiff was not misled and was fully advised of her options with respect to filing a complaint in district court or pursuing a mixed case appeal with the MSPB.  Accordingly, because the plaintiff chose to first pursue all of her claims with the MSPB, this Court is without jurisdiction to hear her discrimination claims.[10]  Thus, the plaintiff must pursue her appeal through the MSPB.

        2.        Administrative Complaint No. 02-36.

As noted, both parties agree that the plaintiff may have asserted viable claims in administrative case number 02-36. Def.'s Mem. at 15; Pl.'s Opp'n at 4-5. Both parties agree on the potential sustainability of the following claims:  (a) that the defendant "improperly interfered with the plaintiff's travel to the World Conference Against Racism and made harassing telephone calls to her home"; (b) that in December 2001, the defendant improperly limited the plaintiff's participation in a Congressional Fellowship assignment; (c) that on March 2001, the "plaintiff was improperly detailed out of her position of record to unclassified duties in a new branch;" (d) that "on April 11, 2002, [the] plaintiff attended a meeting to discuss certain job changes, and such meeting improperly included persons in attendance without the plaintiff's prior consent";

---

[10] As noted, the plaintiff's claims of discrimination are encompassed in Counts I, II, IX, and X of her amended complaint.

(e) that the "plaintiff was improperly placed in Leave Without Pay status for April 24, 2002" and; (f) that "on May 8, 2002, the plaintiff was improperly denied reinstatement of her handicapped parking space." Id.

Although the parties agree on what claims comprise administrative case no. 02-36, the defendant contends that the amended complaint does not contain these specific allegations, and states that "these are the only claims that could be properly before the Court." Def.'s Mem. at 15 n. 7. The defendant therefore requests that the Court "defer defendant's answer to these claims until the Court rules on the instant motion to dismiss." Id. at 15. The defendant requests that the Court require the "plaintiff to file a second amended complaint addressing only those claims that [the] plaintiff can properly raise with this Court," stating that this option is "in the interest of judicial economy and in the best interest of the parties. Id. at 15-16. The defendant reasons that "such an action will prevent the Court from considering claims that are either not included in the amended complaint and/or claims over which it does not have jurisdiction." Id. Moreover, the defendant contends that "such an action will streamline this litigation and insure that the parties are focused on only claims properly before the Court." Id. at 16. On the other hand, the plaintiff requests that this Court compel the defendant to "[a]nswer [the p]laintiff's claims set forth in Administrative case No. 02-36." Pl.'s Opp'n at 16. The Court concludes that the defendant's proposed strategy is the better way to proceed because the amended complaint does not contain the specific allegations of administrative complaint no. 02-36. The Court will therefore require the plaintiff to file a second amended complaint, which raises these, and only these, specific claims. Accordingly, within ten days from the issuance of this Memorandum Opinion, the plaintiff shall file a second amended complaint as limited by this Court's ruling.

**SO ORDERED** this 1st day of March, 2006.[11]

REGGIE B. WALTON
United States District Judge

---

[11] An Order consistent with this Memorandum Opinion is being issued contemporaneously herewith.