UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MARY HOOKER-ROBINSON                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )   Case No.: 05-321
                                    )
CONDOLEEZA RICE, Secretary          )
United States Department of State   )
                                    )
        Defendant,                  )
_____ )

MEMORANDUM OPINION

On February 28, 2005, the plaintiff brought this action in this Court for "breach of [a] settlement agreement[,] . . . to vindicate violations of the plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the [d]efendants." Amended Complaint ("Amd. Compl.") at 5. The plaintiff sought relief, inter alia, pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C.A. §§ 2000w et. seq. (2005); 42 U.S.C.A. § 1981A (2005); 42 U.S.C.A. § 1988 (2005), and the Americans With Disabilities Act, 5 U.S.C.A. § 2302 (2005). On March 1, 2006, this Court issued a Memorandum Opinion and Order granting the defendant's motion to dismiss in part and denying it in part. See Memorandum Opinion and Order dated March 1, 2006. Currently before the Court is Plaintiff's Motion for Reconsideration ("Pl.'s Mot.") pursuant to Federal Rules of Civil Procedure 59 and 60, and Defendant's Opposition to Plaintiff's Motion for Reconsideration ("Def.'s Opp'n"). For the reasons that follow, the plaintiff's motion must be denied.

Motions for reconsideration are governed by either Federal Rule of Civil Procedure 59(e) or 60(b). See Anyanwuaktu v. Moore, 151 F.3d 1053, 1057 (D.C. Cir. 1998). Rule 59(e)

permits a party to file a motion to alter or amend a judgment within "10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b), however, allows a party to seek relief from a final judgment "within a reasonable time" after entry of the final judgment, but only for reasons specified in the Rule. Fed R. Civ. P. 60(b). The plaintiff's Motion for Reconsideration cites both rules as grounds for reconsideration of its claims. Thus, to determine the proper Rule to apply, the Court must look to the timing of the plaintiff's motion and the grounds for relief stated therein. Butler v. Robinson, 636 F.2d 526, 529 (D.C. Cir. 1980). In the present case, the plaintiff's motion is untimely under Rule 59(e). As noted, under Rule 59(e), a motion to alter or amend must be "filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). In computing the time to file a motion for reconsideration in accordance with Rule 59(e), "the day of the act . . . shall not be included" and "[t]he last day of the period so computed shall be included . . ." Fed. R. Civ. P. 6(a); Mashpee Wamponoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1098 (D.C. Cir. 2003) (applying Rule 6(a) to calculate time under Rule 59(e)). Additionally, since "the period prescribed [by Rule 59(e)] is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). This Court's partial dismissal Order was entered on March 1, 2006. Thus, the last day the plaintiff could have filed a motion to alter of amend was March 14, 2006. Fed. R. Civ. P. 59(e). The plaintiff's motion was filed on May 3, 2006, well past the Rule 59(e) deadline. Accordingly, the plaintiff's motion is untimely under Rule 59(e).

Because the motion was filed more than ten days after entry of judgment, the relief the plaintiff seeks is governed by Rule 60(b). McMillen v. District of Columbia, Civ. A. No. 04-2036, 2005 WL 3370820, at *1 n.1 (D.C. Cir. Dec. 13, 2005) (holding that motions to reconsider

filed within ten days of judgment are treated under Rule 59(e) and those filed after ten days are treated under Rule 60(b)).  Rule 60(b) provides several grounds on which a motion to reconsider may be granted.  Fed. R. Civ. P. 60(b)(1)-(6).  Such a motion can only be granted upon a showing of:

> (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Id.

The plaintiff does not specify under which subsection of Rule 60 she is seeking relief, but rather posits only one argument in her motion for reconsideration.  Specifically, she contends that this Court should reopen her case because it erred when ruling "that it did not have jurisdiction to hear the plaintiff's discrimination claims because [those claims] were currently before the Merit Service Protection Board ("MSPB")."  Pl.'s Mot. at 1-2 (emphasis added).  The plaintiff contends that this Court had jurisdiction to entertain her claims because her discrimination claims were no longer pending before the MSPB when this Court issued its earlier ruling.  Id. at 2.  As additional support for this contention, the plaintiff argues that the error occurred as a result of judicial inadvertence, suggesting in her motion for reconsideration that at the time this Court issued its decision it "was apparently unaware that [the] [p]laintiff's discrimination claims were no longer pending before the MSPB."  Id.

While judicial errors of the sort alleged by the plaintiff can be included within the scope

of Rule 60(b)(1), which encompasses "mistake, inadvertence, surprise, or excusable neglect", Fed. R. Civ. P. 60(b)1), the District of Columbia Circuit Court of Appeals has declined to apply Rule 60(b)(1) in a challenge to alleged legal errors, except in the most extreme situations. See United States v. Pollard, 290 F. Supp. 2d 153, 57 (D.C. Cir. 2003) ("While the D.C. Circuit [Court] of Appeals has indicated that a [district] court could . . . adopt 'the more liberal interpretation of Rule 60(b)(1), allowing correction of substantive legal errors . . . [this would involve] the unique situation where the controlling law on the circuit had changed between the time of the judgment and the time of the motion.'") (quoting Ctr. For Nuclear Responsibility, Inc. V. United States, 781 F.2d 935, 940 (D.C. Cir. 1986)). Here, the Court has not been presented with this narrow circumstance, as there has been no change in the controlling law. Thus, Rule 60(b)(1) is inapplicable to the present case.

The plaintiff may also seek relief under Rule 60(b)(6), the catch-all provision which provides relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Under 60(b)(6), "when 'a previously undisclosed fact is so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under [R]ule 60(b)(6) is proper . . . .'" Jeffers v. Chao, No. Civ. A. 03-1762, 2005 WL 1432374, at *4 (D.D.C. June 14, 2005) (quoting Goodluck Nursing Home v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)). However, the plaintiff's new argument is not "so central to the litigation that it shows the initial judgment to have been manifestly unjust." Jeffers, 2005 WL 1432374, at *4. In fact, the plaintiff's argument that this Court improperly determined that it lacked jurisdiction is completely without merit.

The plaintiff's argument that because her discrimination claims were no longer pending

before the MSPB this Court had jurisdiction to hear her claims exhibits a fundamental misunderstanding of how this Court is obligated to determine the bounds of its own jurisdiction. The plaintiff cites no authority in her motion for reconsideration to support her proposition that this Court may determine its own jurisdiction at any time other than when the Complaint is filed. And, as the defendant points out in its opposition, "[i]t is a firmly established rule that subject matter jurisdiction is tested as of the time of the filing of the complaint." Delfani v. U.S. Capitol Guide Bd., No. 03-949 (RWR), 2005 WL 736644, at *2 (D.D.C. Mar. 31, 2005) (quoting Rosa v. Resolution Trust Corp., 938 F.2d 383, 392 n.12 (3d Cir. 1991)). Accordingly, at the time the plaintiff filed her case in this Court, it was without jurisdiction to hear the plaintiff's claims.

This Court will not readdress in detail whether a pending MSPB appeal destroys jurisdiction for a suit arising from the same facts and alleging the same claims, as the plaintiff has not disputed this Court's finding that such a pending appeal necessarily destroys jurisdiction in this Court. In its March 1, 2006 Opinion, this Court outlined the admittedly complicated administrative process through which the plaintiff was obligated to navigate in order to file her discrimination claims against the United States Department of State. And what this Court found was that when the plaintiff elected to pursue her administrative claims with the MSPB, she was obligated pursuant to 5 U.S.C. § 7702(e)(A) and 29 C.F.R. § 1613.421(g), to exhaust her administrative remedies prior to seeking relief from this Court.

The plaintiff posits that the defect which existed when she filed this action with this Court was cured when the MSPB issued its decision before this Court dismissed her claims in its earlier opinion. In other words, it is the plaintiff's position that the conclusion of the MSPB

5

appeal resulted in her action being properly filed with this Court.[1]  This Court disagrees.

"Federal employees asserting Title VII claims must exhaust their administrative remedies as a precondition to filing a civil action in federal district court."  McAdams v. Reno, 64 F.3d 1137, 1141 (8th Cir. 1995) (citing Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (U.S. 1976)).  "To hold otherwise would allow a plaintiff to file an action and begin civil proceedings . . . before completing the course of administrative review . . . [,which] would, in short sequence, produce all of the evils that . . . [the administrative] exhaustion [requirement was intended to avoid] . . . ."  Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990).  This strict construction of the exhaustion requirement is necessary to serve the aims of the exhaustion requirement, without imposing any substantial burden on Title VII plaintiffs or their counsel.  Id.  "The rule is simple: file in the time allotted, and neither before nor after."  Id.

It is undisputed that the plaintiff filed her Complaint with this Court while her appeal with the MSPB was still pending.[2]  Moreover, the plaintiff, in her motion for reconsideration, does not dispute that this Court's ruling was correct insofar as her pending suit with the MSPB would necessarily prevent this Court from exercising jurisdiction over these claims.  Accordingly, whether this Court had subject matter jurisdiction in this matter turns completely on timing.  This Court's jurisdiction in this action was determined based on the circumstances as

---

[1] A complainant who has appealed an EEO decision to the MSPB (as the plaintiff in this case has done) has a limited choice of when to file a civil discrimination action in federal district court.  See Butler v. West, 164 F.3d 634, 638 (D.C. Cir. 1999).  At this juncture, such a complainant has, at most, only two opportunities to file a civil discrimination action in federal district court.  Id.  The complainant's first opportunity is within thirty days after a final decision of an appeal to the MSPB, see 5 U.S.C. § 7703(b), 5 C.F.R. § 1201.175, 29 C.F.R. § 1614.310(b); and the second is within 120 days from the filing of a mixed case appeal to the MSPB, if the MSPB fails to render a judicially reviewable decision.  See 5 U.S.C. § 7702(e)(1)(B).

[2] The plaintiff concedes that "[o]n February 28, 2005, [she] filed a First Amended Complaint that included claims that were the subject of a pending appeal to the . . . (MSPB).  Pl.'s Mot. ¶ 1.

they were when the plaintiff filed her Complaint. Delfani, 2005 WL 736644, at *5. Thus, the plaintiff's pending MSPB appeal did, in fact, bar this Court from hearing her claims that were the subject of that appeal. Id. Accordingly, this Court properly dismissed these claims for lack of subject matter jurisdiction in its March 1, 2006, Order. As such, the plaintiff's Motion for Reconsideration must be denied. It is hereby

**ORDERED** that the plaintiff's Motion for Reconsideration is Denied.

SO ORDERED, this 27th day of July, 2006. .

REGGIE B. WALTON<br>United States District Judge